UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLE BRANDON RICHARDS,

    Plaintiff,

vs.

    Case No. 18-CV-13300
    HON. GEORGE CARAM STEEH

KOEI TECMO, INC., et al.,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION [ECF No. 11]

Pro se plaintiff Kyle Richards filed a complaint in Monroe County Circuit Court alleging that defendants committed "unlawful market restraint" while acting in "combination" with one another, creating "unfair market consolidation" and causing "obscene price tags" on their products. On October 22, 2018, defendant Koei Tecmo, Inc. filed a notice of removal to this court on the basis that the complaint alleged violation of federal law, specifically the Sherman Antitrust Act, 15 U.S.C. § 1. Koei Tecmo neglected to seek consent of co-defendants and, after filing the removal notice, was advised that co-defendants would not consent to removal as required by 28 U.S.C. § 1446(b)(2)(A). Two days after removing the case to federal court, Koei Tecmo filed a notice of remand and this court entered

- 1 -

an Order remanding the case back to the Monroe County Circuit Court for lack of subject matter jurisdiction.

The matter is presently before the court on plaintiff's motion for reconsideration of the Order of Remand. Plaintiff states that he did not receive the notice of remand until April 12, 2019 because prison staff deliberately withheld his legal mail. Plaintiff further states the he wishes to amend his complaint to add more federal claims so this court can retain jurisdiction.

Once this court entered its Order of Remand, jurisdiction in the state court, where plaintiff chose to file his complaint, was immediately restored and federal jurisdiction was immediately discontinued. It follows that after remand, a federal court does not possess the required jurisdiction over the case and cannot reconsider the remand or any other issue. *See, e.g., Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 531 & n. 1 (6th Cir.1999) ("[A] remand to state court divests a district court of jurisdiction such that it may not take any further action on the case").

Plaintiff should understand that all further pleadings related to this case must be addressed to the state court. Accordingly,

an Order remanding the case back to the Monroe County Circuit Court for lack of subject matter jurisdiction.

The matter is presently before the court on plaintiff's motion for reconsideration of the Order of Remand. Plaintiff states that he did not receive the notice of remand until April 12, 2019 because prison staff deliberately withheld his legal mail. Plaintiff further states the he wishes to amend his complaint to add more federal claims so this court can retain jurisdiction.

Once this court entered its Order of Remand, jurisdiction in the state court, where plaintiff chose to file his complaint, was immediately restored and federal jurisdiction was immediately discontinued. It follows that after remand, a federal court does not possess the required jurisdiction over the case and cannot reconsider the remand or any other issue. *See, e.g., Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 531 & n. 1 (6th Cir.1999) ("[A] remand to state court divests a district court of jurisdiction such that it may not take any further action on the case").

Plaintiff should understand that all further pleadings related to this case must be addressed to the state court. Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for reconsideration of the remand order is DENIED.

Dated: May 2, 2019

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 2, 2019, by electronic and/or ordinary mail and also on Kyle Brandon Richards #641715, Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, MI 49908.

s/Barbara Radke
Deputy Clerk

---